UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEDHOST DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO REHAB HOSPITAL LLC, <br><br> Defendant. | Case No. 3:22-cv-00278 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Defendant Apollo Rehab Hospital LLC (Apollo) has filed a motion to set aside entry of default. (Doc. No. 19.) Plaintiff Medhost Direct, Inc. (Medhost) has filed a response in opposition (Doc. No. 22), and Apollo has replied (Doc. No. 30). The Court referred Apollo's motion to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 34.)

For the reasons that follow, the Magistrate Judge will recommend that Apollo's motion to set aside entry of default be granted.

**I.   Factual and Procedural Background**

Medhost initiated this action on April 18, 2022, by filing a complaint for breach of contract against Apollo under the Court's diversity jurisdiction. (Doc. No. 1.) Two days later, Medhost served Staci Heuvel, Apollo's registered agent for service of process. (Doc. Nos. 9-1, 9-2.) Apollo did not appear or answer Medhost's complaint. On June 1, 2022, Medhost filed a motion for entry of default. (Doc. No. 9.) The Clerk of Court granted the motion and entered default against Apollo under Federal Rule of Civil Procedure 55(a) (Doc. No. 11), and Medhost moved for a default judgment under Federal Rule of Civil Procedure 55(b) (Doc. No. 14).

Less than a week later, on November 1, 2022, Apollo answered Medhost's complaint (Doc. No. 18) and filed a response in opposition to Medhost's motion for default judgment (Doc. Nos. 22, 23). Apollo also filed the pending motion to set aside entry of default under Federal Rule of Civil Procedure 55(c) (Doc. No. 19), accompanied by a memorandum of law (Doc. No. 20), a declaration by Apollo President Archana Thota (Doc. No. 21), and the contract between Apollo and Medhost (Doc. No. 21-1). Apollo argues that there is good cause to set aside the entry of default because its failure to respond to the complaint was not willful; rather, Apollo states that Heuvel never informed Thota or any other corporate officers that she had accepted service in this action. (Doc. No. 20.) Apollo also argues that it has meritorious defenses to Medhost's breach of contract claim and that setting aside the entry of default would not prejudice Medhost. (*Id.*)

Medhost responded in opposition, arguing that Apollo cannot show good cause because its actions—failing to appear even though a registered agent was properly served—show reckless disregard for the judicial process. (Doc. No. 29.) Medhost also argues that Apollo's asserted defenses are not meritorious because Apollo failed to provide adequate factual support for them and that setting aside default would prejudice Medhost because of delay, costs, and risk of collusion and fraud. (*Id.*) Medhost attached an exhibit showing that the Texas Secretary of State's website lists Heuvel as Apollo's registered agent. (Doc. No. 29-1.)

Apollo argues in reply that Medhost improperly cites cases applying the stricter standard for motions for relief from judgment made under Federal Rule of Civil Procedure 60(b), not motions to set aside entry of default. (Doc. No. 30.) Apollo also argues that Medhost failed to demonstrate that Apollo's defenses are not meritorious and has not satisfied its burden to show that it would be prejudiced if default is set aside. (*Id.*) Apollo attached a second declaration from Thota to its reply. (Doc. No. 30-1.)

The Clerk of Court denied Medhost's motion for default judgment without prejudice to refiling following the Court's resolution of this motion to set aside entry of default. (Doc. No. 34.)

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) authorizes the court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 324–25 (6th Cir. 2010). To determine whether good cause exists, the court weighs three factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside. *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006). The court "enjoys considerable latitude under the 'good cause shown' standard for Rule 55(c)[,]" *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) (internal citation omitted), and should be "extremely forgiving to the defaulted party" given the Sixth Circuit's strong preference for resolving cases on the merits, *$22,050.00 in U.S. Currency*, 595 F.3d at 322. All ambiguous or disputed facts must be construed in the light most favorable to the non-moving party and any doubts resolved in that party's favor. *Dassault Systems, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).

## III. Analysis

### A. Defendant's Culpability

"To be considered culpable, 'the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *Tubbs v. ABC Pro. Tree Serv. Inc.*, No. 3:14-CV-01783, 2015 WL 3511219, at *4 (M.D. Tenn. June 4, 2015) (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996)). "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 in U.S. Currency*, 595 F.3d at 327.

Apollo argues that its failure to file a timely answer to Medhost's complaint was not willful and does not show culpable conduct. (Doc. No. 20.) Apollo filed a declaration from its president, Archana Thota, in which Thota states that Heuvel previously served as Apollo's lawyer, that Heuvel accepted service in this action, and that Heuvel did not inform Thota or any other officer that she had done so. (Doc. No. 21.) Thota states that, as a result, she did not learn about this action until after the Clerk of Court entered default, at which time she immediately sought counsel. (*Id.*) Medhost responds that Apollo's actions show culpable conduct because Heuvel was properly served as Apollo's agent and that ignoring service shows a reckless disregard for the judicial process. (Doc. No. 29.)

Courts in this Circuit have consistently found no culpable conduct when the defendant's registered agent was served but the defendant did not receive actual notice of the lawsuit. *Tubbs*, 2015 WL 3511219, at *5 (finding no culpable conduct when service of process was accomplished on registered agent but defendant did not receive actual notice until several months later due to communication breakdown); *Jack Tyler Eng'g Co. v. Colfax Corp.*, No. 10-cv-2373, 2011 WL 1256610, at *5 (W.D. Tenn. Mar. 31, 2011) (finding no culpable conduct when defendant was served through registered agent but agent never actually gave the complaint to corporate legal administrator). The contrary authority on which Medhost relies, as Apollo correctly notes, is unpersuasive because those cases address relief from default judgment under Rule 60(b), not relief from entry of default under Rule 55(c). *See Mfrs.' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995) (holding that standard for granting motions to set aside default is more liberal than standard for vacating default judgment); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (noting that a stricter standard applies

once a default has ripened into a judgment because courts are "circumscribed by public policy favoring finality of judgments and termination of litigation.")

Medhost next argues that Apollo had actual notice of this action because Apollo is defending a related action in Texas. (Doc. No. 29.) Apollo disagrees, arguing that the Texas action makes no mention of this lawsuit. (Doc. No. 30.) A defendant's reasons for not receiving actual notice need not be "compelling." *Rutherford v. Credit Bureau of N. Am.*, No. 3:08–cv–19, 2012 WL 910136, at *3 (E.D. Tenn. Mar. 16, 2012). A "plausible" explanation, *id.*, even "a vague one," will suffice, *Jack Tyler Eng'g Co.*, 2011 WL 1256610, at *5. *See also Hooker v. Hooker*, No. 11-cv-2252, 2014 WL 4718193, at *5 (W.D. Tenn. July 9, 2014) ("Although the court questions Harrison's claim that it had not received any of the notices of documents filed in this case, there is not sufficient evidence to show that Harrison[ ] has intentionally thwarted judicial proceedings.), *report and recommendation adopted*, 2014 WL 4716436 (W.D. Tenn. Sept. 22, 2014).

Apollo has provided a plausible explanation for its failure to answer the complaint and Medhost offers no proof of conduct by Apollo that "rise[s] to the level of culpability that would justify denying a motion to set aside default under Rule 55(c)." *Tubbs*, 2015 WL 3511219, at *5. Therefore, this factor weighs in favor of setting aside the entry of default.

B.  **Meritorious Defense**

A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 in U.S. Currency*, 595 F.3d at 326 (quoting *Burrell*, 434 F.3d at 834). The Sixth Circuit has held that "a defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *Id.* (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)).

Apollo asserts several defenses in its answer to Medhost's complaint. (Doc. No. 18.) Apollo expands upon two of these defenses in its motion to set aside entry of default: (1) that

Apollo complied with its contractual obligations and did not breach its contract with Medhost; and (2) that Medhost cannot recover from Apollo because Medhost caused the first material breach of the contract's terms. (Doc. No. 20.) Apollo supports these assertions with factual statements in Thota's declaration and by attaching the contract in question. (Doc. Nos. 21, 21-1.) Medhost responds that Apollo has not provided adequate factual content to support the asserted defenses. (Doc. No. 29.)

The Sixth Circuit does not require that the potentially meritorious defenses asserted in this context "be supported by detailed factual allegations." *$22,050.00 in U.S. Currency*, 595 F.3d at 326. Rather, "all that is needed is "'a hint of a suggestion,' which proven at trial, would constitute a complete defense.'" *Id.* (quoting *INVST Fin. Group v. Chem–Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1987) (internal citation omitted)). Even conclusory defenses stated in an answer to the complaint rather than a motion to set aside entry of default, can suffice. *Id.* Apollo raised several defenses in its answer and expanded upon two of these defenses in its motion to set aside entry of default, attaching a declaration by Thota as well as the contract in question. (Doc. Nos. 18, 20, 21, 21-1.) These assertions and the accompanying factual information are more than enough to meet the permissive standard for meritorious defenses. *See, e.g.*, *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, No. 5:07-cv-02035, 2008 WL 11380159, at *6 (N.D. Ohio July 3, 2008) (finding defendants' allegation that plaintiff breached first meritorious defense in breach of contract case).

Accordingly, this factor also weighs in favor of setting aside the entry of default.

### C. Prejudice to Plaintiff

"In order to show prejudice, the plaintiff must show that delay will result in one of the following: 'loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Tubbs*, 2015 WL 3511219, at *4 (quoting *Burrell*, 434 F.3d at 835).

Medhost argues that it will be prejudiced if default is set aside because the delay in litigation will "undoubtedly result[ ] in increased difficulties in discovery" and unreasonable costs in this action and the related action in Texas. (Doc. No. 29, PageID# 167–68.) But "delay alone is not a sufficient basis for establishing prejudice.[,]" *INVST Fin. Group*, 815 F.2d at 398 (internal quotation marks omitted), and Medhost has not explained what discovery difficulties may arise. Further, an increase in litigation cost generally does not support a finding of prejudice. *See $22,050 in U.S. Currency*, 595 F.3d at 325 (noting that setting aside default will always increase litigation costs and that simply claiming an increase in cost is insufficient to establish prejudice). *See also Dassault Systems, SA*, 663 F.3d at 842 (finding that concern about legal fees did not merit a finding of prejudice). Medhost also argues that it will be prejudiced if default is set aside because the delay in litigation will create "a greater opportunity for fraud and collusion between Apollo, Thota, and PAM Health." (Doc. No. 29, PageID# 168.) Medhost does not elaborate on what this fraud or collusion might entail. An accusation of collusion, without explanation, does not result in a showing of prejudice. *See Davey v. St. John Health*, 297 F. App'x 466, 472 (6th Cir. 2008) (concluding that plaintiffs' mention of possible collusion by defendants without providing any detail or explanation was insufficient to support a finding of prejudice). Therefore, Medhost has failed to show how it will be prejudiced if the default is set aside. The third factor also weighs in favor of setting aside the entry of default.

Because all three factors weigh in favor of setting aside the entry of default, Apollo has demonstrated good cause and its motion should be granted.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Apollo's motion to set aside entry of default (Doc. No. 19) be GRANTED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 29th day of August, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge