IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MEDHOST DIRECT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| APOLLO REHAB HOSPITAL, LLC | ) | |
| D/B/A SUGARLAND REHAB | ) | |
| HOSPITAL, | ) | Case Number: 3:22-cv-00278 |
| | ) | |
| Defendants. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

The Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests ("Produced Material") in connection with the above-captioned action (the "Litigation"):

1. "Produced Material" includes, but is not limited to, all disclosures, testimony, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, expert reports and exhibits thereto, documents, electronically stored information ("ESI"), tangible objects, information, and other things produced, provided, or disclosed during the course of the Litigation, as well as information copied, extracted, or derived directly therefrom, including copies, excerpts, summaries, compilations, presentations, or conversations.

2. "Confidential Information" is Produced Material that refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect

the interests of the party. Counsel for any party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation must stamp the documents or information with an indication of "CONFIDENTIAL."

"Confidential" designations shall be placed in the following manner, as applicable:

a. Without interfering with the legibility of the material, conspicuously marking the word "Confidential" (or words to the same effect) on the face of each physical page or image of the Document or Information that contains the Confidential Information;

b. When ESI is produced that cannot itself be marked with the designation "Confidential," the physical media on which such ESI is produced or the file title of any ESI should be marked with the applicable designation. The party receiving this ESI is then responsible for affixing the applicable designation label to any physical copies or electronic images that it creates; or

c. Employing any other reasonable method to which the parties agree.

3. "Confidential" designations may be made for testimony at a deposition or hearing concerning Confidential Information by an appropriate statement at the time of the giving of such testimony or after the deposition by notifying the parties and those who were present at the deposition no later than thirty (30) days after counsel's receipt of the final transcript of a deposition. Unless otherwise required to comply with a court deadline or the parties agree otherwise, all parties shall treat deposition transcripts as Confidential until the time period for designating Confidential Information has lapsed under this paragraph. Any party's designation of

testimony as Confidential Information shall be limited to only that part of the testimony, by page and line number, that it in good faith reasonably believes is protected by federal or state law or is otherwise confidential and/or proprietary. No testimony shall be deemed subject to this Protective Order unless specifically designated as such.

4. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

    a. Must exercise reasonable care and take appropriate measures with respect to the storage, custody, or use of Confidential Information to prevent unauthorized disclosure and Confidential Information must be used, viewed, stored, transmitted, and maintained by a receiving party in a secure manner and location that reasonably ensures access is limited to persons authorized under this Protective Order;

    b. Must hold and maintain such information or document solely for use in connection with this action and not for any business, competitive, or non-Litigation purpose; and

    c. Must not disclose the information or document to any other person.

5. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation, in accordance with the process outlined in Paragraph 17.

6. Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

7. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 6, counsel must:

a. Inform the person of the confidential nature of the information and documents; and

b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. If Produced Material contains information concerning another party to the litigation that the other party believes in good faith should be designated as Confidential Information, the other party may designate the produced information as Confidential Information by providing written notice to the producing party and all other parties to the litigation (with applicable Bates numbers). The producing party shall promptly provide replacement copies of the material bearing the confidentiality designations requested by the other party.

9. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or

information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

10. Confidential Information filed with the Court shall be redacted or filed under seal in accordance with Local Rule 5.03, unless the Court directs otherwise upon appropriate application by either party.

11. The procedures for use of Confidential Information during any hearing or the trial in this Litigation shall be determined by the parties and the Court in advance of any hearing or trial in accordance with the provisions of Local Rule 5.03. At such time, several points shall be considered, including but not limited to: (a) the redacting of Confidential Information to remove patient identifiers or other confidential information; (b) the submission of Confidential Information under seal; (c) the coding of Confidential Information to substitute a numerical or other designation for confidential information; (d) the placing of any exhibits under seal; (e) the introduction of summary evidence where practicable, which may be more easily redacted; and (f) the removal of all Social Security and HIC numbers associated with the names of individuals.

12. Within thirty days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

13. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party. A party who learns of a breach of

confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

14. Any nonparty from whom discovery is sought may obtain the protections of this Order by advising the parties in writing or by asserting these protections on the record during a deposition or similar proceeding. A nonparty invoking this Order's terms will have standing to appear in this action to file motions and oppose motions, as necessary, to protect the nonparty's rights in its information. However, a nonparty's use of the protections of this Order does not entitle that nonparty access to other Confidential Information produced in the Litigation.

15. A party serving a subpoena on a nonparty must simultaneously serve a copy of this Protective Order. Any nonparty from whom discovery is sought may obtain the protections of this Protective Order by making the appropriate designations described above. Upon a good-faith belief that information produced by a nonparty should be designated as Confidential Information, a party may designate such material as Confidential Information. The parties shall be allowed 30 days to review Produced Material from a nonparty to determine whether to designate such Produced Material as Confidential Information. That period may be extended for good cause or agreement of the parties. During that period of review, the parties shall treat such Produced Material as Confidential Information. Disputes over designation of Produced Material from nonparties shall be made according to the process outlined in Paragraph 17.

16. Restrictions and obligations set forth herein relating to Confidential Information shall not apply to any material that has been publicly disclosed and/or the producing party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the party receiving the Confidential Information.

17. In the event that any party believes that any Confidential Information is not confidential or proprietary and, therefore, should not be subject to this Protective Order, the party shall, within a reasonable amount of time of the party's receipt or potential use of the document marked "Confidential," state the grounds for the objection in writing and serve it on the producing party. The objecting party shall thereafter try to resolve such disputes in good faith on an informal basis with the producing party. In the event the dispute cannot be resolved informally, the parties shall bring the dispute to the Court's attention by the filing of a joint discovery dispute statement and otherwise as provided for in the discovery dispute resolution procedures. The party that made the Confidential designation has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is achieved, whether by consent or court order, all parties shall treat the designated material as Confidential Information.

18. Nothing in this Order prevents any person or entity from using or disclosing its own documents or information in this Litigation.

19. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

    a. Further protect Confidential Information;

    b. Seek protection regarding the production of documents or information;

    c. Compel production of documents or information; or

    d. Modify this Order, although this Protective Order may be amended only by leave of the Court.

20. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its

right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

21. Any party may enforce this Order by motion to the Court.

22. Nothing in this Order waives a party's right to object to the production of Confidential Information or other information.

23. Unless otherwise agreed by the parties or ordered by the Court, this Order shall remain in force after the conclusion of the Litigation. Any allegations regarding violation of this Protective Order shall be submitted to the Court for adjudication. By reviewing Confidential Information, all persons governed by this Protective Order agree to the jurisdiction of this Court over their person for any action that seeks to enforce this Order, or for any action for contempt that alleges violation of this Order.

24. Until such time as this Order is entered by the Court, the parties shall treat it as "So Ordered."

IT IS SO ORDERED.

Alistair Newbern
United States Magistrate Judge